UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**UNITED STATES OF AMERICA**

                                                **Criminal Action No.**
**v.**                                                   **3:00CR-136-J**

**LEON STAMPER, JR.**

## OPINION AND ORDER

      Mr. Stamper filed a motion to vacate pursuant to 28 U.S.C. Sec. 2255, whereupon the United States filed a motion to dismiss the petition as untimely. The specific issue is when Mr. Stamper's judgment of conviction became final. Both parties have filed scholarly briefs and have made excellent arguments. For the reasons set out below, the Court is of the opinion that the motion to dismiss should be denied.

      The timing of procedural events is not in question. On July 24, 2002, a jury returned verdicts of guilty on all five counts submitted to them. On November 5, 2002, the Court imposed sentence and entered a Judgment and Commitment. Mr. Stamper filed a timely appeal. On March 3, 2004, the United States Court of Appeals for the Sixth Circuit issued an opinion affirming the convictions; however, holding that this Court had erred in the calculation of sentence, the appellate court vacated the sentence and remanded for re-imposition of sentence. On March 26, 2004, the Court received the appellate court mandate. On May 6, 2004, this Court imposed a revised sentence and entered an Amended Judgment. No appeal was taken. On June 1, 2005, Mr. Stamper tendered his petition pursuant to 28 U.S.C. Section 2255.

The position of the United States is that the one year period for filing the Motion to Vacate commenced to run ten days after entry of the Amended Judgment (i.e., the deadline for filing another appeal). Under this theory, the June 1, 2005 motion was two weeks late. The position of the defendant is that the one year period for filing the Motion to Vacate commenced to run after all appellate avenues were exhausted. As Mr. Stamper could have filed a petition for certiorari at any time within ninety days following the March 3, 2004 appellate decision, he argues that his appellate avenues were not exhausted until ninety days following that decision. Under this theory, the June 1, 2005 Motion was timely.

In accordance with Fed.R.App. Proc. 41(b), the mandate herein issued seven calendar days after the deadline for filing a petition for rehearing. The matter is of considerable significance, given that the trial court and the appellate court cannot simultaneously have jurisdiction. Just as the filing of a Notice of Appeal transfers jurisdiction from the District Court to the Court of Appeals, the mandate is the means by which jurisdiction is transferred from the appellate court to the District Court. See, e.g., Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust, 824 F.2d 765 (9th Cir. 1987). Issuance of the mandate may be stayed upon a showing "that a petition for writ of certiorari would present a substantial question and that there is good cause for a stay," and the issuance of the mandate will not be stayed "simply upon request." Sixth Circuit Rule 41(a). In this case, no motion for stay was filed, and the mandate issued in the ordinary course. Thus, it was entirely appropriate for the mandate to issue and entirely appropriate for this Court to proceed as directed following issuance of the mandate. Unfortunately, dispelling any notion that this Court acted "too quickly" does not also answer the question of the time of finality of the Sixth Circuit's affirmance of Mr. Stamper's conviction.

While the issue is a very close one, the Court is inclined to the view that so long as a petition for writ of certiorari could be filed, the one year limitations period did not begin to run. The Court has seen no authority suggesting that action by the District Court in conformity with an appellate mandate could terminate a defendant's right to file a petition for writ of certiorari. Even in the case of a validly issued and acted upon mandate, it would nonetheless remain theoretically possible for the defendant to file a successful petition for writ of certiorari. Thus, all avenues of appellate review were not exhausted in Mr. Stamper's case until early June of 2004, and his Motion to Vacate was timely. Clay v. United States, 537 U.S. 532 (2003). In the alternative, the complexity of interaction among various appellate rules and time limits would render this an appropriate case for equitable tolling.

It appearing that the United States should be accorded a reasonable time for responding to the Motion to Vacate,

IT IS ORDERED:

1. The motion of the United States to dismiss the Motion to Vacate is denied.

2. The United States may respond to the Motion to Vacate no later than February 3, 2006. Defendant may reply no later than February 17, 2006, whereupon the matter shall stand submitted for decision.