UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**UNITED STATES OF AMERICA**

                                                             **Criminal Action No.**

**v.**                                                              **3:00CR-136-J**

**LEON STAMPER, JR.**

### MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Leon Stamper's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. Sec. 2255. After examining the arguments of the parties, the materials of record and the applicable authorities, the Court is of the opinion that as to most of Mr. Stamper's arguments, there exists neither a dispute of fact calling for a hearing nor merit to the contentions. However, one argument requires a hearing.

      In July of 2002, a jury convicted Mr. Stamper of counts of carjacking, robbery, and firearms offenses. The convictions were affirmed on appeal, but the matter was remanded for re-sentencing (March 3, 2004). In support of the present petition, Mr. Stamper argues that his counsel was ineffective at trial, on appeal, and on re-sentencing. He also contends he is entitled to a re-sentencing in accordance with United States v. Booker.

      The Court will first address the Booker issue. In Blakely v.Washington, 524 U.S. 296 (June 24, 2004), the Supreme Court determined that a state sentencing scheme that included enhancements above base levels implicated the right to jury determination. In United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court applied Blakely to the United States Sentencing Guidelines, and ruled that they were advisory only. The outstanding question was

1

whether Blakely and Booker would be retroactively applicable.  In Humphress v. United States, 398 F.3d 855 (6th cir. 2005) (cert. den. 126 S.Ct. 199),  the Sixth Circuit ruled that Booker does not apply collaterally to a federal defendant whose convictions were final at the time of its pronouncement.   As Mr. Stamper filed no petition for certiorari, his direct appeal was final as of June 3, 2004,  prior to both Blakely and Booker,  and Booker does not appear to apply to his case.

In order to establish constitutionally ineffective assistance of counsel, Mr. Stamper has the burden of demonstrating two components:  First, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and second, petitioner must show that the deficient performance prejudice the defense, i.e., caused defendant to be deprived of a "fair trial, a trial whose result is reliable."  Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove prejudice, petitioner must show a reasonable probability that absent counsel errors, the results of the proceedings would have been different.  Lynott v. Story, 929 F.2d 228 (6th Cir. 1991).

Mr. Stamper argues that counsel was ineffective prior to and during trial because of failure to conduct an adequate investigation of the facts.  First, he contends that counsel should have called witnesses to testify regarding a tattoo on Mr. Stamper's right arm.  His reasoning is that because his tattoo was "prominent," evidence concerning it would have cast doubt on the victim's identification, which did not mention a tattoo.  In light of the strong identification evidence and the victim's testimony that his attacker was wearing a light jacket or shirt, there is no reasonable probability that presenting evidence of the existence of the tattoo at the time of the attack would have led to a different result in the proceedings.

Mr. Stamper also questions counsel's decision not to belabor the question of the VIN number. He contends that there was some ambiguity in the numbers. Again, however, the precision or lack thereof in recounting the VIN of the Trans Am simply could not have had any impact on the verdict. Photographs of the vehicle were introduced into evidence; the car was described in the evidence; a car meeting that description was recovered in Mr. Stamper's possession; the stolen car and the car found in Mr. Stamper's possession had either an identical or virtually identical VIN; all such cars (Trans Ams) are manufactured outside of Kentucky; and no reasonable juror could conclude other than that witnesses misstated some numbers in the VIN while reading from paperwork. There is no reasonable probability that presenting the evidence Mr. Stamper now proposes would have had any impact on the verdict; therefore, it could not be ineffective assistance for counsel to choose not to spend his preparation time pursuing the specifics of the VIN.

While stated as a charge of ineffective assistance on appeal, Mr. Stamper's argument regarding his prior felony conviction may, in fact, actually be an argument concerning trial representation. In order to support conviction of the charge of possession of a firearm by a convicted felon, the United States was required to present evidence of Mr. Stamper's prior felony conviction. The government satisfied this requirement by using a stipulation of fact. This is customary in jury proceedings and is much to the defendant's advantage, given that the stipulation prevents the jury from hearing the details of the prior conviction(s) or how many times the defendant has been convicted in the past. Accordingly, entering into such a stipulation was a valid exercise of counsel's strategic judgment. Neither could counsel have raised on appeal the argument that there was a lack of evidence to support this element of the offense: A

stipulation of fact is competent evidence of the matters stated in the stipulation.

With respect to Mr. Stamper's claims of ineffective assistance on appeal, he contends that counsel failed to raise several viable claims. First, he asserts that counsel should have argued on appeal that the "interstate commerce" elements of two of the counts lacked evidentiary support. In support of his argument, Mr. Stamper has cited several cases with very different factual scenarios. In the present case, the United States did not rely on the value of the amount stolen, on "common knowledge," or on a theory which "no rational trier of fact" would have found to support the interstate commerce element. The United States presented evidence that Trans Am vehicles are manufactured outside Kentucky, and that the vehicle would have to cross state lines in order to travel from the Kentucky to the Missouri motel where Mr. Stamper was apprehended. It is irrelevant whether different or "better" evidence could have been found; the fact remains that there was adequate proof of this element of the offenses, and it cannot be said that only an incompetent attorney would have decided to forego challenge to the interstate commerce element. Maples v. Coyles, 171 F.3d 408, 428 (6th cir. 1999).

Mr. Stamper next argues that effective counsel would have challenged on appeal the evidence regarding the firearms offense. His reasoning is that the indictment charged him with possessing a .25 caliber Raven firearm, while testimony at trial referred to a .22 caliber weapon. The United States concedes that in identifying the handgun Mr. Stamper bought in Cincinnati and carried on his person, Ms. Bonapfel referred to a Raven ".22 caliber." Nonetheless, there was also competent testimony that Raven handguns are not manufactured in .22 caliber, but in .25 caliber. More importantly, there was more than adequate evidence from which the jury could conclude that Mr. Stamper, a convicted felon, possessed a firearm and that he used it to commit

the carjacking. It cannot be said that Ms. Bonapfel's testimony cast doubt on such illegal possession, or that Mr. Stamper's "substantial rights" were affected. United States v. Robison, 904 F.2d 365 (6th Cir. 1990). Accordingly, since raising the issue on appeal could not have changed the outcome of the proceedings, it could not have been ineffective assistance to fail to raise it.

Mr. Stamper next contends that his lawyer should have raised on appeal the argument that Mr. Stamper's constitutional right not to be twice placed in jeopardy for the same offense was violated by his conviction of both Count I and Count II of the indictment. Count I charged carjacking (18 U.S.C. Sec. 2119); Count II charged interference with commerce by robbery (18 U.S.C. Sec. 1951). The test for whether conviction of two offenses implicates double jeopardy is whether "each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). Sec. 1951(a) and Sec. 2119 are directed at different types of conduct and require proof of different elements . See, e.g., United States v. Malone, 222 F.3d 1286 (10th Cir. 2000), Grayer v. McKee, 149 Fed.Appx. 435 (6th Cir. 2005) (not recommended for publication).

On appeal, Mr. Stamper's convictions were affirmed, but the matter was remanded for re-sentencing based on interpretation of a provision of the United States Sentencing Guidelines. The Court had originally imposed a sentence of incarceration totaling 360 months. On re-sentencing, the Court imposed a sentence of incarceration totaling 319 months. Mr. Stamper states that he requested his attorney to appeal the re-sentencing, but that counsel failed to file the appeal. The Court admits to being baffled both as to what the basis of appeal might be and as to why Mr. Stamper would wish to risk on appeal the three and a half year benefit he obtained on

re-sentencing. Nonetheless, if the client requests a direct appeal, relies on counsel to file it, and the appeal is not filed, the failure of counsel to carry through with his duty is a per se violation of the Sixth Amendment, "regardless of whether the appeal would have been successful or not." Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998).

Accordingly, an evidentiary hearing is necessary to determine whether counsel disregarded Mr. Stamper's request for appeal. While the other arguments presented in Mr. Stamper's petition will not be subject of testimony or argument at said hearing, the rulings announced herein are not final and appealable, pending ruling on the "second appeal" argument.

IT IS ORDERED:

1. Petitioner's request for a hearing is GRANTED on the single issue of failure to appeal re-sentencing and is otherwise DENIED.

2. Petitioner's 28 U.S.C. Sec. 2255 petition is DENIED as to all arguments other than that reserved for evidentiary hearing.

3. Within ten days of the date of this order, counsel shall contact Carolyn Debow, 270-415-6406, for the purpose of arranging a suitable date for evidentiary hearing.

This is not a final order.