## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**UNITED STATES OF AMERICA**

**v.**

**Criminal Action No.
3:00CR-136-J**

**LEON STAMPER, JR.**

### MEMORANDUM OPINION

This matter is before the Court on the sole remaining issue in Leon Stamper's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. Sec. 2255. After considering the hearing testimony, the arguments of the parties, the materials of record and the applicable authorities, the Court is of the opinion that Mr. Stamper was not denied his right to effective assistance of counsel.

On appeal following a jury verdict and imposition of sentence, Mr. Stamper's convictions were affirmed, but the matter was remanded for re-sentencing based on interpretation of a provision of the United States Sentencing Guidelines. The issue on appeal was whether the victim's condition involved only bodily injury (calling for a two level enhancement) or "serious bodily injury" (calling for a four level enhancement). After discussing the injuries, the appellate court held "the district court did not clearly err in finding that defendant had inflicted a 'bodily injury' upon Cochran so as to warrant at least a two-point enhancement to his sentence under § 2B3.1(b)(3)(A)," but that the district court erred "in finding that Cochran had sustained a 'serious bodily injury' so as to trigger a four-point enhancement to defendant's sentence under § 2B3.1(b)(3)(B)." United States. v. Stamper, 91 Fed.Appx. 445, 464

1

(6th Cir. 2004).

The Court of Appeals noted gaps in the factual record regarding Mr. Cochran's trip to the hospital because of a possible heart attack suffered the evening of the attack. Thus, on remand, the primary focus of the hearing was to explore the circumstances of that hospital treatment. After hearing the evidence on this matte, the Court agreed that Mr. Cochran had not sustained "serious bodily injury." This Court had originally imposed a sentence of incarceration totaling 360 months. On re-sentencing, using the two point enhancement instead of the four point enhancement, the Court imposed a sentence of incarceration totaling 319 months.

Mr. Stamper's present petition states that he requested his attorney to appeal from the re-sentencing, but that counsel failed to file the appeal. We are not concerned here with the merits or wisdom of an appeal. If the client requests a direct appeal, relies on counsel to file it, and the lawyer declines to comply with the request, the defendant has suffered a per se violation of the Sixth Amendment, "regardless of whether the appeal would have been successful or not." Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998).

"In a section 2255 motion, a petitioner has the burden of sustaining his contentions by a preponderance of the evidence." Wright v. United States, 624 F.2d 557, 558 (5th Cir.1980), adopted in United States v. Pough, 442 F.3d 959 (6th Cir. 2006). There is no question that no appeal from the re-sentencing was filed. Thus, the factual question presented at the present juncture is whether Mr. Stamper has shown that it is more likely than not that he asked his lawyer to file an appeal.

At the hearing, Mr. Stamper conceded that he did not request an appeal following imposition of sentence. Instead, he alleged that he talked with his lawyer at counsel table *prior*

*to* the sentencing hearing. He testified that at that time, the attorney's "speculation" was that two points would come off the calculation. Mr. Stamper testified that he ten "told him [he] wasn't satisfied with the two points, that [he] felt that four should have came off." Mr. Stamper testified that he then asked his lawyer to appeal the sentence that had not yet been imposed. Later, Mr. Stamper testified that he had contact with his attorney or his office "quite a few times" after the re-sentencing hearnig (apparently to retrieve various documents), but he was unable to say whether during any of those contacts he asked why his notice of appeal had not been filed: "I might have. I don't want to say for sure I did. I'm not sure."

Looking at this testimony in a vacuum, the Court finds that it is considerably less than overwhelming. For one thing, the timing of the request seems peculiar: Mr. Stamper asks this Court to believe he made a firm request of his lawyer to appeal something that did not exist, but that he failed to mention that desire to appeal after the sentence *did* exist. Furthermore, it is difficult to reconcile testimony of a firm desire and clear request to appeal with later testimony that he contacted his lawyer on five or six occasions after the hearing, but that he just can't remember whether he inquired about why the lawyer had refused his clear request to appeal.

We do not, however, have to look at the testimony in a vacuum. In addition to Mr. Stamper's testimony, we have the testimony of Mr. Meyer, who stated unequivocally – and credibly – that his client had not asked to appeal the resentencing. Mr. Stamper conceded that Mr. Meyer had prior to that time done everything the client had requested and "he done pretty good." This Court's observation of Mr. Meyer's performance during the course of the trial confirms that he does not give the impression of a lawyer who would ignore his client's wishes. Finally, this Court's opportunity to observe the demeanor of both Mr. Stamper and Mr. Meyer on

the witness stand supports the conclusion that Mr. Stamper has failed to show it more likely than not that he asked Mr. Meyer to appeal from the resentencing.

    An order in conformity has this day entered.